**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN EARL CARR,

        Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No.: 2:20-cv-01850-GMN-NJK

**ORDER**

Pending before the Court is Plaintiff Steven Earl Carr's ("Plaintiff's") Motion for Leave to File Proposed Second Amended Complaint, (ECF No. 17). Defendants United States and David N. Karpel (collectively, "Defendants") filed a Response, (ECF No. 21), and Plaintiff filed a Reply, (ECF No. 22).

Also pending before the Court is Defendants' Motion to Dismiss, (ECF No. 9). Instead of filing a response, Plaintiff timely filed a Motion to Extend Time to Respond, (ECF No. 18). Defendants filed a Response, (ECF No. 19), opposing the extension, and Plaintiff filed a Reply, (ECF No. 20).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Leave to File Proposed Second Amended Complaint, **DENIES as moot** Plaintiff's Motion to Extend Time to Respond, and **DENIES as moot** Defendants' Motion to Dismiss.

**I.**     **BACKGROUND**

This case arises out of Plaintiff's June 2017 indictment for one count of conspiracy to participate in a racketeering enterprise through his affiliation with the "Vagos Outlaw Motorcycle Gang." (First Am. Compl. ("FAC") ¶ 14, ECF No. 8). Four years prior to the 2017 indictment, Plaintiff was indicted in June 2013 with one count of conspiracy to interfere with commerce by extortion in violation of 18 U.S.C. § 1951(2), for conduct related to his Vagos

affiliation. (*Id.* ¶ 33). Plaintiff pled guilty to this charge and was sentenced to twelve months' imprisonment. (*Id.* ¶ 34). As part of Plaintiff's plea agreement, the Government promised that no additional charges would be brought against him "arising out of the investigation in the District of Nevada that culminated in this Plea Agreement." (*Id.*). However, in June 2017, Plaintiff was again indicted for conduct related to his Vagos affiliation, but this time for one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). (*Id.* ¶¶ 38–39). Plaintiff claims that Defendants violated his prior plea agreement by charging him in the 2017 indictment. (*Id.* ¶¶ 42–44). Plaintiff now asserts *Bivens* claims against Defendant Karpel, who is a Department of Justice attorney that presented evidence for the 2017 indictment, as well as claims against the United States under the Federal Tort Claims Act ("FTCA"). (*Id.* ¶¶ 10, 60–152).

On October 4, 2020, Plaintiff filed his first Complaint against Defendants, which Defendants moved to dismiss. (Compl., ECF No. 1); (Mot. Dismiss, ECF No. 5). In response, Plaintiff filed his First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), which Defendants also moved to dismiss. (First Am. Compl., ECF No. 8); (Mot. Dismiss, ECF No. 9). Rather than responding to Defendants' second Motion to Dismiss, Plaintiff instead filed his Motion for Leave to File Proposed Second Amended Complaint and a Motion to Extend Time, which requested an extension of time to respond to Defendants' second Motion to Dismiss until after the Court rules on the Motion for Leave to Amend. (Mot. File Second Amend. Compl. ("Mot. Amend"), ECF No. 17); (Mot. Extend Time 4:23–25, ECF No. 18).

## II. <u>LEGAL STANDARD</u>

Under Federal Rules of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course twenty-one days after serving it or twenty-one days after the service of a responsive pleading. Once the time period to amend as a matter of course has passed, "a party

may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### III. DISCUSSION

Plaintiff explains that a Second Amended Complaint is necessary to remove all references to Defendant David L. Jaffe, who has already been dismissed from this action, and to "include additional facts and trial testimony describing Defendant David N. Karpel's continual and substantial involvement in directing the investigation and developing the witness testimony" against Plaintiff. (Mot. Amend 1:27–2:9, ECF No. 17). Defendants counter that Plaintiff's amendment would be futile because (1) absolute prosecutorial immunity shields Defendant Karpel from suit; (2) Plaintiff fails to state a viable *Bivens* claim against Defendant Karpel because Plaintiff attempts to create a new *Bivens* remedy; and (3) the FTCA claims against the United States were prematurely filed and must be dismissed. (Resp. to Mot. Amend ("Resp.") 5:15–6:9, ECF No. 21).

While it would be futile for Plaintiff to amend his complaint simply to remove references to a defendant who has already been voluntarily dismissed, Plaintiff has otherwise shown that leave to amend should be permitted to provide additional facts about Defendant Karpel. These additional facts directly address some of the deficiencies in the First Amended Complaint highlighted by Defendants' Motion to Dismiss.

In their Motion to Dismiss, Defendants viably argue that Defendant Karpel is protected by absolute prosecutorial immunity. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978)) ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment and intimidation.'"); (Mot. Dismiss 16:11–18:8, ECF No. 9). However, prosecutorial immunity applies only when the government attorney is performing prosecutorial functions, such as initiating a prosecution, presenting the State's case, or evaluating evidence collected by police to prepare for trial. *See Garmon v. County of L.A.*, 828 F.3d 837, 843 (9th Cir. 2016) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Absolute prosecutorial immunity does not apply when a prosecutor "'engag[es] in other tasks, say investigative or administrative tasks,' or 'gives advice to police during a criminal investigation.'" *See Robben v. Carson City*, No. 3:13-cv-00438-MMD-VPC, 2015 WL 1280726, at *5 (D. Nev. Mar. 19, 2015) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009)).

Here, Plaintiff's proposed amendments provide facts alleging that Defendant Karpel performed an investigatory function in Plaintiff's case, not just a prosecutorial one. (Mot. Amend 6:17–22). These additional facts would allow Plaintiff to refute Defendant Karpel's claims of absolute prosecutorial immunity, which he could not have done based solely on the allegations in the First Amended Complaint. Because Plaintiff's proposed Second Amended Complaint addresses the First Amended Complaint's deficiencies, it avoids futility, and the Court will allow it. *Cf Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). *See also Lopez v. Smith*, 203 F.3d 1122, 1130

(9th Cir. 2000) ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (citations omitted).[1]

Defendants also argue that amendment is futile because Plaintiff has failed to state any valid *Bivens* claims. Since courts rarely recognize new *Bivens* causes of action,[2] it is likely that Plaintiff's *Bivens* claims will fail, but such a decision is more properly rendered at the motion to dismiss stage. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied in a rule 12(b)(6) motion, [issues such as whether a claim is clearly subject to dismissal] are more often appropriately raised in a motion to dismiss rather than in opposition to a motion for leave to amend.") (citations omitted). This is especially true in the present case, considering that Defendants' pending Motion to Dismiss is not fully briefed, and Plaintiff timely moved for an extension to file a response. At this time, the Court declines to address Defendants' *Bivens* arguments without giving Plaintiff an adequate opportunity to respond. The same is true for Defendants' timeliness arguments against Plaintiff's FTCA claims. Accordingly, Plaintiff's Motion for Leave to File Proposed Second Amended Complaint is granted, and the Court will address Defendants' remaining arguments at the next motion to dismiss stage.

//

//

//

---

[1] Defendants also claim that Plaintiff's Motion should be denied because he is simply delaying responding to the Motion to Dismiss. (Resp. to Mot. Amend 3:12–19, ECF No. 21). While allowing another amended complaint certainly delays the case, delay alone is not a sufficient reason to deny amendment, especially when the delay has not resulted in any articulable prejudice for Defendants. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding that delay alone is not enough to support denial of amendment).

[2] "*Bivens* is well-settled law in its own context, but expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1848 (2017).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Proposed Second Amended Complaint, (ECF No. 17), is **GRANTED**. The Clerk of Court shall file Exhibit 1 to Plaintiff's Motion as the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 9), is **DENIED as moot**.[3]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 18), is **DENIED as moot**.

**DATED** this __2__ day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] Because Plaintiff's Second Amended Complaint supersedes the First Amended Complaint, Defendants' Motion to Dismiss the First Amended Complaint is now moot. *See Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018) ("the amended complaint supersedes the original, the latter being treated thereafter as non-existent") (citations omitted).